JS - 6



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SA CV 12-1865-DOC-(JPRx)　　　　　　　　　　　　　　Date: January 14, 2013

Title: RBC DEVELOPMENT, INC. v. OSCAR CARILLO JR.

PRESENT:

　　　　　　　　　THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): PLAINTIFF'S EX PARTE APPLICATION TO REMAND THIS CASE TO STATE COURT

　　　　Before the Court is Plaintiff RBC Development, Inc.'s Ex Parte Application to Remand This Case to State Court (Dkt. 6). No opposition was filed. The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After consideration, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, North Justice Center.

　　　　Plaintiff RBC Development (RBC) filed this unlawful detainer action in Orange County Superior Court on August 13, 2012, Case Number 30-2012 00590625. On October 26, 2012, Defendant Oscar L. Carillo, Jr., in pro per, removed the action, apparently on the bases of diversity jurisdiction, 28 U.S.C. § 1332, federal question jurisdiction, 28 U.S.C. § 1331, or civil rights jurisdiction, 28 U.S.C. § 1443. *See* Not. of Removal (Dkt. 1) at 2-3. Plaintiff submitted an Ex Parte Application to Remand, which was unopposed by Defendant.

　　　　A district court "shall" remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The two main forms of subject matter jurisdiction are commonly referred to as "federal question jurisdiction" and "diversity jurisdiction." A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U. S. C. § 1331. A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. In addition, "civil rights jurisdiction" exists when a defendant "is denied or cannot enforce" his or her civil rights in state court. 28 U.S.C. § 1443.

### I. Federal Question Jurisdiction

This is a state law unlawful detainer action. To the extent that Defendant asserts federal question jurisdiction based on federal constitutional defenses, his argument is unavailing because "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (U.S. 1987).

The Complaint reveals that Plaintiff brings only an action for "Unlawful Detainer." Not. of Removal at Ex. B. It is well established that "an unlawful detainer action" is an action brought under state law that does not raise federal question jurisdiction. *Deanann Trust No 14141 Southland Homes Real Estate and Investment v. Esteban Banos et al.*, CV-12-1083-DOC-MLGx (C.D. Cal. July 20, 2012); *Aurora Loan Servs., LLC v. De La Rosa*, 2011 U.S. Dist. LEXIS 69217 (C.D. Cal. June 27, 2011) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Indymac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 U.S. Dist. LEXIS 8421, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (same); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660, 2009 U.S. Dist. LEXIS 94996, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

### II. Diversity Jurisdiction

In addition, to the extent that Defendant asserts diversity jurisdiction, his argument fails because that the Complaint seeks "under $10,000." *See* Compl. at 1. Although Defendant alleges that the amount in controversy exceeds $75,000, the caption of the Complaint clearly states that the claim is for "under $10,000." In unlawful detainer actions, "the title to the property is not involved — only the right to possession." *U.S. Nat'l Assoc. v. Nehad Ayyoub, et al.*, CV-12-0656-PA-MRWx (E.D. Cal. May 10, 2012) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). As such, "the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property." *Id.* Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $73.33 per day from the expiration of the

Notice to Quit until it obtains a judgment. Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

### III. Civil Rights Jurisdiction

Defendant also claims that removal is proper pursuant to Civil Rights Jurisdiction. *See* Not. of Removal at 2 ("The above mentioned is a civil action of which this court has jurisdiction under 28 U.S.C., section 1443(1). . . ."). A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443(1). Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." *Walker v. Georgia*, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 states that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

The two-part test for a finding of Civil Rights Jurisdiction is laid out in *Patel v. Del Taco, Inc.*:

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*.

446 F.3d 996, 998–99 (9th Cir. 2006).

Defendant fails to allege any facts that would support removal under § 1443 and, accordingly, Defendant meets neither part of the Supreme Court's test in *Georgia v. Rachel*. There are no allegations that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. "Nothing in Defendant's allegations concerning the asserted deficiencies in California's unlawful detainer procedures 'command[s] the state courts to

ignore' Defendant's federal rights." *U.S. Nat'l Assoc. v. Nehad Ayyoub, et al.*, CV-12-0656-PA-MRWx (E.D. Cal. May 10, 2012) (remanding on similar facts and allegations); *see also Patel*, 446 F.3d at 998–99; *US Bank, N.A., v. Medina*, 2012 U.S. Dist. LEXIS 43054, at *5 (C.D. Cal. March 27, 2012) (denying removal under section 1443 of unlawful detainer action where defendant asserted that "California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate [federal rights]").  Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

Accordingly, the Court REMANDS this case to Orange County Superior Court – North Justice Center.

The Clerk shall serve this minute order on all parties to the action.